**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

DWAINE HARGIS,

        Plaintiff,

vs.                                        Case No. 6:12-cv-723-Orl-37KRS

CITY OF ORLANDO, FLORIDA; and
OFFICER THEODIS SPRINGER,

        Defendants.

**ORDER**

This cause is before the Court on the following:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 20), filed January 15, 2013; and

2. Plaintiff's Response to Defendants Second Motion to Dismiss Plaintiffs Second Amended Complaint (Doc. 21), filed January 28, 2013.

Upon consideration, the Court hereby grants in part and denies in part the motion to dismiss as set forth below.

**BACKGROUND**[1]

On May 12, 2008, around 4:15 a.m., Defendant Officer Theodis Springer ("Officer Springer"), an officer with the Orlando Police Department, observed Plaintiff in "a white 2000 Pontiac Grand [A]m traveling along the east side of a business." (Doc. 19, ¶ 23.) Officer Springer later reported that "the vehicle's presence at the business appeared to be suspicious due to the time of day and the fact that the business was closed."

---

[1] These factual allegations are taken from the Second Amended Complaint (Doc. 19). *See Hill v. White,* 321 F.3d 1334, 1335 (11th Cir. 2003). The Court does not make findings of fact at this time.

(*Id.* ¶ 24.) He conducted a traffic stop of Plaintiff's vehicle. (*Id.* ¶ 26.) After Plaintiff exited the vehicle at Officer Springer's request, Officer Springer placed handcuffs on Plaintiff and searched his person. (*Id.* ¶¶ 29–30.) Officer Springer retrieved a firearm from Plaintiff's person, and a subsequent search of the vehicle yielded another firearm in the unlocked glovebox. (*Id.* ¶ 31.) Plaintiff was arrested by Officer Springer and charged with possession of a firearm by a convicted felon, robbery with a firearm, and aggravated assault with a deadly weapon. (*Id.* ¶¶ 6, 32–33.) Those proceedings terminated with a nolle prosequi after the state court granted a motion to suppress the evidence. (*Id.* ¶¶ 11–14.)

In his Second Amended Complaint, Plaintiff brings claims against Defendant City of Orlando, Florida ("the City"), and Officer Springer. Plaintiff brings claims: (1) under 42 U.S.C. § 1983 for violations of the Fourth Amendment; and (2) for the state law torts of false arrest, malicious prosecution, and intentional infliction of emotional distress. (Doc. 19.) Defendants move to dismiss. (Doc. 20.) Plaintiff opposes. (Doc. 21.) The Court previously ruled on a motion to dismiss Plaintiff's First Amended Complaint. (Doc. 18.) In that Order, the Court informed Plaintiff that his First Amended Complaint was disorganized and confusing and directed Plaintiff to remedy those deficiencies. (Doc. 18, p. 21 n.17.) At the outset, the Court notes that Plaintiff's Second Amended Complaint is just as confusing as the first and, at times, wholly ignores the Court's instructions.

**STANDARDS**

Federal Rule of Civil Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." The pleader must allege "enough facts to state a claim to relief that is plausible on its face."

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

## DISCUSSION

**1. Section 1983 Claims (Counts I and IV)[2]**

The Court understands Plaintiff to bring two kinds of claims under 42 U.S.C. § 1983: (1) claims for unlawful stop and search (Counts I,[3] IV); and (2) a claim for malicious prosecution (Count I).[4]

Count I is brought against both the City and Officer Springer in his individual

---

[2] Plaintiff brings eight claims under seven non-consecutive Counts (Counts I, IV, V, VI, IX, X, and XI). No Counts II, III, VII, or VIII are listed.

[3] Plaintiff titles this claim "invasion of privacy" in Count I. Because Plaintiff alleges a Fourth Amendment violation (Doc. 19, ¶ 35), the Court construes this claim as complaining of an unlawful stop and search. *See Terry v. Ohio*, 392 U.S. 1, 9 (1968) ("[W]herever an individual may harbor a reasonable expectation of privacy, he is entitled to be free from unreasonable governmental intrusion." (citation and internal quotation marks omitted)); *Mapp v. Ohio*, 367 U.S. 643, 655–57 (1961) (recognizing a Fourth Amendment right to privacy).

[4] Plaintiff asserts violations of the Fifth and Fourteenth Amendments in addition to the Fourth Amendment in Counts I and IV. However, the Due Process Clause of the Fifth Amendment pertains only to the federal government. *See Buxton v. Plant City*, 871 F.2d 1037, 1041 (11th Cir. 1989). As Plaintiff does not allege federal participation, a violation of the Fifth Amendment cannot be a basis for the § 1983 claims.

The Fourteenth Amendment protects citizens against deprivations of liberty. U.S. Const. amend. XIV, § 1. However, as pled, the Court understands Plaintiff to invoke the Fourteenth Amendment for its purpose in making the Fourth Amendment applicable to the states. *See Payton v. New York*, 445 U.S. 573, 576 (1980). The Court thus considers Plaintiff to bring Fourth Amendment claims only.

capacity for unlawful stop and search and malicious prosecution. Because a municipality is liable under § 1983 only when the alleged constitutional deprivation was undertaken pursuant to a policy or custom, *see Pembaur v. Cincinnati*, 475 U.S. 469, 478–81 (1986), the Court hereby grants the motion to dismiss as to the City in Count I, as Plaintiff makes no policy or custom allegations in this Count.

Count IV is brought against the City for causing the allegedly unlawful stop and search through an alleged failure to train or supervise officers.

### a. Unlawful Stop and Search

#### i. Officer Springer (Count I)

Plaintiff brings a claim for unlawful stop and search against Officer Springer in his individual capacity in Count I. (Doc. 19, pp. 35–36.) For the reasons set forth in the Court's previous Order, the motion to dismiss is denied as to this claim. (Doc. 18, pp. 5–9.)

#### ii. The City (Count IV)

Plaintiff brings a claim for unlawful stop and search against the City pursuant to a custom or policy/failure to train or supervise theory in Count IV. (Doc. 19, ¶¶ 44–65.) A municipality may be held liable under § 1983 only when the alleged constitutional deprivation was undertaken pursuant to a policy or custom. *St. Louis v. Praprotnik*, 485 U.S. 112, 121–22 (1988); *Pembaur*, 475 U.S. at 478–81, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690, 694 (1978). A municipal act rising to the level of a policy or custom can be established in one of three ways: (1) an express policy, (2) a widespread, well-settled practice, or (3) the act or decision of an official with final policymaking authority. *Cuesta v. Sch. Bd. of Miami-Dade Cnty.*, 285 F.3d 962, 966–68 (11th Cir. 2002). If a municipality "inadequately trains or supervises its employees, this failure to train or

supervise is a city policy, and that city policy causes the employees to violate a citizen's constitutional rights," then § 1983 liability can also be imposed. *Gold v. City of Miami*, 151 F.3d 1346, 1350 (11th Cir. 1998) (citing *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). Failure to train or supervise is only a policy when deliberate indifference is evidenced. *City of Canton*, 489 U.S. at 388. To establish deliberate indifference, "a plaintiff must present some evidence that the municipality knew of a need to train and/or supervise in a particular area and the municipality made a deliberate choice not to take any action." *Gold*, 151 F.3d at 1350.

At this stage of the proceedings, the Court is satisfied that Plaintiff has pled factual allegations that, if taken as true, could establish the City's failure to train or supervise in a way that caused Officer Springer to conduct the allegedly unlawful stop and search. Plaintiff alleges that the City had a training policy that trained officers to pull over individuals when reasonable suspicion was lacking. (Doc. 19, ¶ 46.) Plaintiff alleges that as a result of the failure to properly train Officer Springer, he unlawfully stopped and searched Plaintiff, thus depriving Plaintiff of a constitutionally protected right. (*Id.* ¶ 50.)

As for the deliberate indifference requirement, Plaintiff does not make factual allegations of any prior incidents that would put Defendants on notice of the need for more or different training. *See Gold*, 151 F.3d at 1350–51. However, deliberate indifference can also be established when the need for training is "obvious," *id.* at 1352, as Plaintiff contends it is here (Doc. 19, ¶ 51). Favorably construed, this allegation is sufficient to survive a motion to dismiss, though the Court does not actually decide at

this time that the need for more or different training was obvious.[5] Because Plaintiff makes sufficient factual allegations regarding the City's alleged failure to train, the motion to dismiss is denied as to this claim.

### b. Malicious Prosecution (Count I)

Plaintiff brings a claim for malicious prosecution against Officer Springer in his individual capacity in Count I. (Doc. 19, ¶¶ 37–43.) Plaintiff fails to allege sufficient facts to support this claim. As discussed in the Court's previous Order, a defendant must have been the legal cause of an original proceeding in order to be held liable for malicious prosecution. *Williams v. Miami-Dade Police Dep't*, 297 F. App'x 941, 946 (11th Cir. 2008). Police officers are not the legal cause of an original proceeding where there is "no evidence that they had anything to do with the decision to prosecute or that they 'improperly influenced' that decision." *Id.* at 947 (citing *Eubanks v. Gerwen*, 40 F.3d 1157, 1160–61 (11th Cir. 1994)). However, if a police officer fabricates evidence, causing the prosecutor to bring charges on the basis of false and misleading evidence, then that conduct satisfies the legal cause element of a malicious prosecution claim. *Id.*

Plaintiff's Second Amended Complaint fails as to the malicious prosecution claim for the same reason that the First Amended Complaint was deficient: Plaintiff fails to allege that Officer Springer fabricated any evidence[6] or engaged in any other conduct

---

[5] The Court notes that it is the rare case where the need for training was so obvious that a municipality's failure to provide such training results in liability. *See Bd. of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 398 (1997) (noting that the obviousness path to deliberate indifference is limited to a "narrow range of circumstances, [where] the violation may be a highly predictable consequence of the failure to train" in "recurring situations presenting an obvious potential for . . . a violation [of an individual's rights]"). The obviousness, or lack thereof, of the need for training regarding the reasonable suspicion standard will need to be developed at the summary judgment stage.

[6] Plaintiff mentions in Count XI that Officer Springer's "conduct of fabricating evidence" was outrageous. However, Plaintiff does not allege any facts demonstrating

6

that would make him the legal cause of the original proceeding. Plaintiff alleges that at a suppression hearing during the original proceeding, Officer Springer: (1) gave testimony "that did not support a lawful search and seizure" (Doc. 19, ¶ 9); and (2) falsely gave testimony that he pulled over Plaintiff with reasonable suspicion when he had none (*Id.* ¶ 10). However, Officer Springer's testimony at the suppression hearing had no bearing on the prosecutor's decision to initiate the proceeding in the first place. Plaintiff further alleges that Officer Springer recommended prosecution (*id.* ¶ 33), but this does not mean that Officer Springer was part of the decision to prosecute and does not go to improper influence absent an allegation of more nefarious conduct. As such, Plaintiff fails to make sufficient factual allegations supporting a malicious prosecution claim. Accordingly, this claim is due to be dismissed.

2. **State Law Claims (Counts V, VI, IX, X, and XI)**

    a. **False Arrest**

Plaintiff brings claims for false arrest against the City (Count V) and Officer Springer in his individual capacity (Count VI).

    i. **The City (Count V)**

In his claim against the City, Plaintiff alleges that Officer Springer acted "in bad faith, and with willful disregard of the human rights, safety and property" of Plaintiff. (Doc. 19, ¶ 70.) As discussed in the Court's previous Order (Doc. 18, p. 14), Florida Statutes Section 768.28(9)(a) provides that a city is immune from state tort liability for the actions of an employee when the employee acted in bad faith, with malicious purpose, or in wanton and willful disregard of human rights, safety, or property. Fla.

---

that Officer Springer fabricated evidence either in the introduction, the fact section, or in Count I itself.

7

Stat. § 768.28(9)(a). As such, Plaintiff's claim against the City for false arrest is due to be dismissed.

### ii. Officer Springer (Count VI)

For the reasons set forth in the Court's previous Order, the motion to dismiss is denied as to the false arrest claim against Officer Springer in his individual capacity. (Doc. 18, pp. 14–16.)

### b. Malicious Prosecution (Counts IX and X)

Plaintiff brings state law claims for malicious prosecution against Officer Springer in his official (Count IX) and individual (Count X) capacities. (Doc. 19, ¶¶ 78–97.) For the reasons discussed *supra*, Plaintiff has not alleged sufficient facts as to the legal cause element of the malicious prosecution tort. Plaintiff alleges in Counts IX and X that Officer Springer "forwarded the case to the state attorneys [sic] office for the Plaintiff to be prosecuted." (*Id.* ¶¶ 82, 91.) This allegation does not suggest that Officer Springer maliciously instigated the original proceeding against Plaintiff. Officer Springer merely forwarded the case to the State Attorney's Office, which exercised its discretion to prosecute Plaintiff. As such, these claims are due to be dismissed.

### c. Intentional Infliction of Emotional Distress (Count XI)

Plaintiff brings a claim for intentional infliction of emotional distress ("IIED") against Officer Springer in his individual capacity in Count XI. (*Id.* ¶¶ 98–106.) While Plaintiff has added more allegations to this claim in his Second Amended Complaint— alleging that Officer Springer pulled over Plaintiff, forwarded the case to prosecutors, and gave testimony regarding the traffic stop, all while knowing that he did not have reasonable suspicion to stop Plaintiff (*id.* ¶¶ 101–03)—the conduct alleged does not rise to the level of outrageousness required for an IIED claim. *See Metro. Life Ins. Co. v.*

*McCarson*, 467 So. 2d 277, 278–79 (Fla. 1985) (requiring conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community" (citation and internal quotation marks omitted)); *see also, e.g.*, *Foreman v. City of Port St. Lucie*, 294 F. App'x 554, 557–58 (11th Cir. 2008) (concluding that an officer pointing an unloaded BB gun at a person who did not know it was unloaded and pulling the trigger was not sufficiently outrageous under Florida law). As such, this claim is due to be dismissed.

## CONCLUSION

Accordingly, it is hereby **ORDERED AND ADJUDGED**:

1. Defendants' Motion to Dismiss Plaintiff's Second Amended Complaint and Supporting Memorandum of Law (Doc. 20) is **GRANTED IN PART** and **DENIED IN PART**.

2. The motion is **DENIED** as to (1) the claim in Count I construed as a § 1983 claim for unlawful stop and search against Officer Springer in his individual capacity; (2) the § 1983 claim for unlawful stop and search against the City in Count IV; and (3) the state law false arrest claim against Officer Springer in his individual capacity in Count V. These claims remain in suit.

3. The motion is **GRANTED** as to the remaining claims. These remaining claims are **DISMISSED WITH PREJUDICE**, as Plaintiff was given an opportunity to replead these claims but failed to adequately do so.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 5, 2013.

_____
ROY B. DALTON JR.
United States District Judge

Copies:

Counsel of Record